**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTOPHER BROWN** | * | |
| | * | |
| v. | * | Civil No. JKS-09-1792 |
| | * | |
| **MICHAEL J. ASTRUE** | * | |
| **Commissioner of Social Security** | * | |

**MEMORANDUM OPINION**

Plaintiff Christopher Brown brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. §§ 401-433 (the Act). Both parties' motions for summary judgment and Brown's alternative motion for remand are ready for resolution and no hearing is deemed necessary. For the reasons set forth below, Brown's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

**I. Background**.

Brown applied for DIB on January 30, 2007, alleging an amended onset of disability date of November 25, 2006. His applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 18, 2008, at which Brown was represented by counsel. On December 8, 2008, the ALJ found that Brown was not disabled within the meaning of the Act, (R. 19), and the Appeals Council denied his request for review. Thus, the ALJ's determination became the Commissioner's final decision.

## 2. **ALJ's Decision**.

The ALJ evaluated Brown's claims using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Brown has not engaged in substantial gainful activity since his alleged onset date. (R. 13). At step two, the ALJ concluded that Brown suffers from degenerative disc disease with lumbar stenosis and obesity. (R. 13). At step three, the ALJ determined that Brown does not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 14). At step four, the ALJ found that Brown is capable of performing a limited range of unskilled sedentary work. (R. 14). Once determining that Brown was unable to return to his past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs existed in significant numbers in the national economy that Brown could perform. (R. 18). As a result, the ALJ determined that Brown was not disabled within the meaning of the Act.

## 3. **Standard of Review**.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a

refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## 4. **Discussion**.

Brown poses three allegations of error. He claims that the ALJ failed to properly consider his obesity, erroneously evaluated his subjective complaints, and erroneously assessed his Residual Functional Capacity (RFC).

### A. Consideration of Obesity.

Brown claims that the ALJ failed to consider his obesity at steps three, four, and five of the sequential evaluation. The ALJ was clearly aware of Brown's obesity, having identified it as a severe impairment, and specified that he had considered the obesity ruling and medical opinion evidence in his findings. (R. 14). The ALJ found that Brown's work capacity was limited in several respects: he could perform only sedentary work, must frequently alternate sitting and standing, cannot climb, and has moderate concentration, persistence, and pace difficulties due to pain. (R. 14). Despite his claim that the ALJ failed to properly consider his obesity, Brown points to no evidence in the record which indicated that his obesity impacted his functional limitations to a greater extent than was found by the ALJ.

The ALJ gave great weight to the consultative examination performed by Dr. Rashid Khan. Dr. Khan noted Brown's complaints, which included back and leg pain aggravated by prolonged sitting, standing, and walking, as well as Brown's height and weight. Dr. Khan found that Brown had functional range of motion in the lower extremities, satisfactory gait, and difficulty rising from a chair or table due to pain. Considering all of this evidence, Dr. Khan

3

concluded that Brown was limited in that he could not perform prolonged repetitive movement or lift and carry heavy objects but could ambulate without assistance. (R. 231-34). Treating physician Dr. Eric Dawson prescribed only conservative treatment, and on June 3, 2008, cleared Brown for semi-sedentary activity with over-the-counter medication and avoidance of bending, twisting, pushing, pulling, stooping, and lifting, particularly floor-to-waist and above shoulder height. (R. 248). The ALJ gave limited weight to the suggestion that Brown was completely unable to lift but limited Brown to lifting 10 pounds, which was Brown's self-reported limit from Dr. Dawson. (R. 31).

Under these circumstances, the ALJ's failure to discuss Brown's obesity in more detail does not justify a remand. The ALJ adopted the limitations supported by the medical opinions, which were rendered with full awareness of Brown's obesity. These limitations are consistent with those discussed in *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003), upon which Brown relies. The limited nature of the ALJ's discussion of Brown's obesity is a reflection of the even more limited discussions of its effects in the medical records and in Brown's disability reports and hearing testimony. *See* R. 25-33. Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, Brown has shown no basis for remand.

B. Analysis of Subjective Complaints.

Brown claims that the ALJ erroneously evaluated his assertions regarding the intensity, persistence, and limiting effects of his pain and other symptoms by requiring that they be supported by objective findings. An ALJ must follow a two-step process for evaluating whether a person is disabled by subjective symptoms. *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir. 1996);

20 C.F.R. § 404.1529.  First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged.  20 C.F.R. § 404.1529(b).  Once the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work.  20 C.F.R. § 404.1529(c)(1).  At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant.  20 C.F.R. § 404.1529(c).  The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence.  SSR 96-7p.  To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations.  *Id.*  The ALJ's opinion should be given great weight upon review because he has had the opportunity to observe the demeanor and to determine the credibility of the claimant.  *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984).

Here, the ALJ determined that while Brown's medically determinable impairments satisfied the threshold inquiry of whether they could reasonably be expected to produce the symptoms alleged, his allegations regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible.  (R. 15).  Although Brown is not required to demonstrate the effects of his symptoms with objective findings, objective evidence is nevertheless a crucial evaluation tool.  *See Hines v. Barnhart*, 453 F.3d 559, 565, n.3 (4th Cir. 2006).  The ALJ's opinion recognizes the need to consider the entire record when subjective complaints are not supported by objective medical evidence.  (R. 14).

5

Brown also alleges that the ALJ mischaracterized the evidence, but Brown's reported activities included driving short distances, preparing simple meals, and weekly church attendance. These activities were correctly considered by the ALJ and found to be inconsistent with Brown's allegation of total disability. (R. 15, 125-26). Finally, it is not improper for an ALJ to rely on other inconsistent statements in assessing a claimant's credibility.

In sum, the ALJ understood the proper basis for evaluating Brown's subjective complaints, and determined, based on substantial evidence and not solely on the lack of supporting objective evidence, that Brown's claims were not fully credible. (R. 14-15).

B. Assessment of RFC.

Brown contends that the ALJ determined that he had moderate difficulties in maintaining concentration, persistence, or pace, yet failed to include these limitations in the RFC. He also contends that the ALJ erroneously failed to include Dr. Khan's restrictions on prolonged sitting, standing, walking, and repetitive motions.

First, the RFC assigned to Brown specifically referenced "moderate difficulties in concentration, persistence, or pace," as well as a limitation to unskilled work, (R. 14), as did the hypothetical questions presented to the VE. (R. 34-36). Second, Dr. Khan did not preclude Brown from all pushing and pulling, but rather stated that his capacity to perform these and other activities was limited. (R. 234). The RFC limited Brown to sedentary work, which requires only occasional lifting of 10 pounds or less and generally involves "nonexertional" activities. The ALJ found that Brown could not perform the full range of sedentary work by adding a 15-30 minute sit-stand option, s*ee* SSR 96-9p at 3, but "limitations or restrictions on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base," *id.* at 6, and were

not required to be specified. Brown's RFC properly accounted for all limitations which, based on substantial evidence, the ALJ determined were applicable.

5. **Conclusion.**

For the foregoing reasons, Brown's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.


Date: January 14, 2011 /S/
JILLYN K. SCHULZE
United States Magistrate Judge